JUDGE BAER

12 CIV 4067




David R. Hurst (DH-9173)
Daniel F. X. Geoghan (DG-3132)
Young Conaway Stargatt & Taylor, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
E Mail: dhurst@ycst.com
E Mail: dgeoghan@ycst.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLETCHER INTERNATIONAL, LTD., Plaintiff, | Case No.: |
| - against - | **COMPLAINT** |
| ROBIN LEE McMAHON and ROY BAILEY, as Joint Official Liquidators for FIA LEVERAGED FUND, and FIA LEVERAGED FUND, Defendants. | |

Plaintiff Fletcher International, Ltd. ("FILB"), by its undersigned counsel, for its Complaint against Defendants Robin Lee McMahon ("McMahon"), Roy Bailey ("Bailey") and FIA Leveraged Fund ("FIAL"), alleges on knowledge as to itself and, as to all other matters, upon information and belief:

## NATURE OF THE ACTION

1. This action seeks a declaratory judgment to resolve a dispute concerning the terms of an investment made by FIAL, a "feeder" fund, in FILB, a "master" fund and an indirect subsidiary of FIAL.

2. FIAL and FILB, along with various affiliated funds, were managed until recently by the same asset manager, non-party Fletcher Asset Management, Inc. ("FAM"), which structured and managed all such investments with a view to balancing risk exposures, including the investment here at issue.

3. FIAL received, on account of its direct and indirect investments in FILB, an instrument styled and in the form of an Amended and Restated Promissory Note dated January 1, 2011, in the amount of €20,448,765.14, made by FILB and payable to FIAL (the "Instrument").

4. Defendants McMahon and Bailey (the "Liquidators") were recently appointed Joint Official Liquidators for FIAL by the Grand Court of the Cayman Islands. The Liquidators have demanded immediate and full payment in cash of the principal and return of the Instrument.

5. However, at all times relevant hereto, FIAL and FILB understood and agreed that the balance on the Instrument would rise and fall to reflect subscriptions to or redemptions of certain "Class 6 Shares" serving as a hedge to FIAL's currency exposure. Accordingly, the Liquidator's demand for payment of the full face amount of the Instrument is improper.

6. Moreover, as Class 6 shares have been redeemed in the past (triggering a reduction in the value of the Instrument and a payment obligation from FILB to FIAL), FILB generally has fulfilled its payment obligation under the Instrument in kind, which has long been the understanding and the practice of the parties, is not prohibited by the document, and is in fact an integral element of the co-investment strategy of the various entities.

7. Accordingly, and as demonstrated more fully below, this Court should declare that the value of the Instrument is not fixed at its face value, but rather may vary depending

on Class 6 shareholder subscriptions and redemptions; and that FILB's payment obligation under the Instrument may be satisfied in cash or in kind.

## THE PARTIES

8. Plaintiff FILB is a Bermuda corporation with a registered office located at Appleby Corporate Services (Bermuda) Ltd., Canon's Court, 22 Victoria Street, Hamilton, HM 1179 Bermuda.

9. Defendant FIAL is an investment company incorporated in the Cayman Islands. FIAL's registered office and principal place of business is located at Citco Fund Services (Cayman Islands) Limited, Windward 1, Regatta Office Park, West Bay Road, P.O. Box 31106, Grand Cayman KY1-1205, Cayman Islands.

10. Defendant Robin Lee McMahon ("McMahon") is a natural person residing in the Cayman Islands.

11. Defendant Roy Bailey ("Bailey") is a natural person residing in the Cayman Islands.

12. McMahon and Bailey were appointed Joint Official Liquidators of FIAL pursuant to an order of the Grand Court of the Cayman Islands dated April 18, 2012, which the directors of FIAL have appealed.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 2201 and 2202.

14. This Court has personal jurisdiction over the Defendants because the case arises from transactions negotiated, entered into, and performed by FIAL, FILB and their

affiliates in the State of New York, and because FIAL submitted to jurisdiction in this Court concerning the investment at issue in this case.

15. The matter in controversy exceeds the sum or value of $75,000.

## BACKGROUND

### The Fletcher Family of Funds

16. FIAL is affiliated with FILB and various other hedge funds through what is known in the investment industry as a master-feeder structure. FIAL was created in 1998.

17. Historically, third-party investors made investments in FIAL as a feeder fund by purchasing shares in a particular series of stock designed to correspond to underlying investments made by master funds in the affiliated FAM family of funds.

18. FILB is a master fund created in 2000.

19. The offering memoranda issued by FIAL disclosed that the fund intended to invest all of its assets in master funds in the Fletcher family of funds. The offering memoranda further disclosed that the master funds would not seek to produce specific returns but, rather, returns within a target range.

20. Prior to appointment of the Liquidators, FAM managed all the investments made by FIAL. FAM also managed the investments of all of FIAL's affiliated master funds, including FILB (collectively, the "Master Funds"), which it continues to manage to this day.

### The Instrument

21. Historically, FIAL has made investments in the Master Funds (including FILB) through hybrid equity investments. Under New York law which governs the Instrument, such investments may be treated as debt for some purposes and equity for other purposes. An example of such an investment is the Instrument.

22. The values of those investments have been recorded in the applicable master fund's books and records (and in periodic restated investment documentation) at prices that are adjusted up or down to reflect subscriptions to or redemptions of corresponding shares in the investing entity, respectively.

23. In January 2011, FIAL amended the terms of and issued additional shares of an existing class of securities (collectively, the "Class 6 Shares"). The capital, cash and securities contributed by Class 6 shareholders to FIAL in exchange for the Class 6 Shares were allocated to FILB, which investment was memorialized by the Instrument.

24. The Instrument does not purport to be, and is not, an integrated agreement.

25. The Instrument and the issuance of the Class 6 Shares were part of the same transaction. At issuance, the face amount of the Instrument and the Class 6 Shares were identical: both were in the amount of €20,448,765.14.

26. At all times relevant hereto, FIAL and FILB understood and agreed that the balance on the Instrument would rise and fall to reflect subscriptions to or redemptions of Class 6 Shares. These changes in the principal balance of the Instrument were regularly recorded in FILB's books and records.

27. Although the Instrument states on its face that it is payable by FILB on demand, the parties never intended for, and never in fact permitted, FIAL to make a demand on FILB for the balance of the Instrument. The reference in the Instrument to an unlimited demand feature is flatly inconsistent with the parties' intent and historic practice.

28. Instead, historically, as Class 6 shareholders redeemed their Class 6 Shares, the amount of the Instrument was adjusted downward, and a payment obligation running from FILB to FIAL was created.

29. Moreover, as Class 6 shares have been redeemed in the past (triggering a reduction in the amount of the Instrument and a payment obligation from FILB to FIAL), FILB generally fulfilled its payment obligation under the Instrument in kind.

30. The right to make redemption payments in kind allows FILB to invest in illiquid, long-term investments. This is consistent with the FAM family of funds' master-feeder structure, in which the master funds are intended to serve as the underlying, long-term investment entities.

**Disgruntled Investors Improperly Force FIAL**
**into Liquidation and Demand Payment on the Instrument**

31. In 2008, FIAL was solicited by three Louisiana pension funds, the Firefighters' Retirement System ("FRS"), the Municipal Employees' Retirement System of Louisiana ("MERS") and the New Orleans Fire Fighters' Pension & Relief Fund ("NOFF" and, together with FRS and NOFF, the "Pension Funds") to provide them with a new series of shares in which they could invest with certain terms they requested. After significant negotiation with the advice of various advisors, an agreement was reached and FIAL then issued to the Pension Funds "Series N" shares. The Series N shares were in no way associated with the Instrument.

32. In 2011, the Pension Funds sought suddenly to redeem their Series N shares.

33. FIAL redeemed the Pension Funds' Series N shares by issuing in-kind distributions to each of them of alternative securities, as permitted by the governing documents, and as the parties had agreed. This feature was designed to allow the investors the option of redeeming early prior to the liquidation of the portfolio and yet ensure that the Fund would be able to invest a significant portion of its assets in securities that could under certain circumstances remain illiquid for a substantial period.

34. The Pension Funds then impermissibly rejected FIAL's in-kind distributions, released a public statement with false and derogatory comments, requested a deferral of their redemption payments to permit a thorough examination the funds' books and records with the assistance of Ernst & Young, then publicly announced that their asset values had been corroborated, and then on January 31, 2012 petitioned to commence a winding up proceeding against FIAL in the Cayman Islands in which they contradicted their previous public declarations regarding their findings and those of another expert. On April 18, 2012, the Cayman Islands court issued an order directing that FIAL be wound up and appointing the Liquidators as the Joint Official Liquidators for FIAL.

35. The directors of FIAL have appealed the April 18, 2012 order and sought expedited treatment of its appeal. Any actions taken by the Liquidators pending the resolution of FIAL's appeal are subject to a determination that the liquidation of FIAL was ordered in error and that the Liquidators lack any authority to act on FIAL's behalf, yet could be irreversible.

36. This action was precipitated by a May 1, 2012 letter from McMahon to FILB demanding on behalf of FIAL immediate and full payment in cash of an unspecified amount of principal and return purportedly due from the Instrument.

37. Upon information and belief, the Liquidators intend, at the behest of the Pension Funds, to cause the liquidation of FILB based upon an erroneous and incorrect assertion of non-existent putative contract rights to immediate payment of the Instrument and the asserted pecuniary interests of the Pension Funds as investors in FIAL Series N Shares. Assertion and enforcement of such incorrect non-existent payment rights will irreparably harm FILB.

## COUNT I: CLAIM FOR DECLARATORY RELIEF
## (Determining the rights of the parties under the Instrument)

38. Plaintiff FILB repeats and realleges each of the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. An actual and present controversy exists between FILB and Defendants concerning the parties' rights and obligations with respect to the Instrument.

40. The Court's determination of the issues presented herein will be final and conclusive, insofar as the declaratory judgment sought by FILB will fully and finally resolve the parties' dispute concerning their rights and obligations with respect to FIAL's investment in FILB and the Instrument itself.

41. By letter dated May 1, 2012, McMahon on behalf of FIAL demanded immediate and full payment in cash of the face amount of the Instrument.

42. However, the mutual understanding and intention of the parties as demonstrated by the facts herein was that the balance of the Instrument would float based on Class 6 shareholder subscriptions and redemptions; and that FILB's payment obligation under the Instrument could be paid in cash or in kind.

43. Accordingly, the Court should issue a declaratory judgment: (i) declaring that value of the Instrument is not fixed at its face value, but rather may vary depending on Class 6 shareholder subscriptions and redemptions; and (ii) declaring that FILB's payment obligation under the Instrument may be paid in cash or in kind.

## COUNT II: CLAIM FOR DECLARATORY RELIEF
### (Declaring that Instrument shall be reformed to comport with the parties' intent and conduct)

44. Plaintiff FILB repeats and realleges each and every allegation in paragraphs 1 through 43 above as if set forth in full herein.

45. The Instrument as written does not reflect the intent or agreement of the parties.

46. The parties' course of performance under the Instrument demonstrates a mutual departure from the terms of the Instrument as written.

47. Specifically, the mutual understanding and intention of the parties as demonstrated by the facts herein was that the balance of the Instrument would float based on Class 6 shareholder subscriptions and redemptions; and that the payment obligation under the Instrument could be paid in cash or in kind.

48. In reasonable reliance on this course of conduct and in accordance with its fund disclosures, FILB has followed a consistent practice of fully investing its assets, and maintaining minimal cash and current assets.

49. Because it maintains minimal cash and current assets by design, FILB would generally seek to have invested the cash balance that would be needed to satisfy a demand for cash repayment of the Instrument within only ten days – as FIAL's investment advisor, FAM, and FIAL itself were both aware of, and indeed planned on this, at all relevant times throughout the course of the parties' dealings.

50. This course of performance demonstrates a mutual intent and agreement that the terms of FIAL's investment in FILB ostensibly evidenced by the Instrument provide that: (i) the value of the Instrument is not fixed at its face value, but rather may vary depending on Class 6

shareholder subscriptions and redemptions; and (ii) FILB's payment obligation under the Instrument may be paid in cash or in kind.

51. WHEREFORE, Plaintiff FILB respectfully requests that an order and judgment be entered in its favor against Defendants:

a. Declaring that the value of the Instrument is not fixed at its face value, but rather may vary depending on Class 6 shareholder subscriptions and redemptions;

b. Declaring that FILB's payment obligation under the Instrument may be paid in cash or in kind;

c. Declaring that the Instrument is reformed to comply with the parties' intent and conduct; and

d. Awarding such other and further relief as the Court deems proper.

Date: New York, New York
May 18, 2012

David R. Hurst [signature]

David R. Hurst (DH-9173)
Daniel F. X. Geoghan (DG-3132)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
E Mail: dhurst@ycst.com
E Mail: dgeoghan@ycst.com

Attorneys for Plaintiff

01: 12101498.3